

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Honli DeWayne Hala*

**Signed February 26, 2010**

**United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **TEXAS BAY PLANTATION HOUSE** | § | **Case No. 09-37555 HDH-11** |
| **LIMITED PARTNERSHIP** | § | |
| | § | |
| **Debtor** | § | |

### ORDER ON MOTION OF RP DENTWOOD
### SC, L.P. TO LIFT STAY

RP Dentwood, SC, L.P. ("Movant") filed *Motion to Lift Automatic Stay.*  Texas Bay Plantation House Limited Partnership ("Debtor") filed a timely response.  This Court conducted an evidentiary hearing on February 18 and 19, 2010, and took the matter under advisement.

Debtor owns an apartment complex near downtown Dallas.  Movant is the secured lender, with a claim slightly in excess of $3.6 million.  There are some minor disputes on the amount owed Movant, but no dispute as to Movant's secured position on the property.

The parties dispute the value of the property.  Debtor's appraiser values the apartment in the high $4 million range.  Movant's appraiser places a value in the low $3 million range.  The appraisers emphasized two different methods of valuation to get to their respective numbers.  Dallas County

places a value of approximately $2.4 million on the property, based on a pre-petition agreement with Debtor.

Movant owns tracts of land which are adjacent to the apartment. Movant acquired the note securing the indebtedness on the apartment. Movant wants to own the apartment and hold it for the future.

Debtor defaulted in payments in the spring of 2009. Movant made demand and posted the property for a November foreclosure. Debtor filed this bankruptcy case on November 2, 2009, to stop Movant's foreclosure.

Up until September 2009, the last period of pre-petition financials, Debtor's income had gone down a bit compared to other years. Debtor's monthly operating statements for November and December 2009, filed with this Court, show that Debtor's post-petition income, so far, on a monthly basis, has been less than months shortly before the case was filed. In other words, after the case was filed, Debtor's income has deteriorated. At the hearing, Debtor's principal attributed the reduced income to pre-petition contact by Movant with the leasing agent, and post-petition difficulties in reaching an agreement on the use of cash collateral.

Debtor waited until some time in December 2009, to ask for the use of cash collateral. In a contested hearing this Court allowed limited use, as Debtor did not bring a witness or offer competent evidence in support of the use of Movant's cash collateral. Since that time, the parties have reached an agreement regarding the use of cash collateral, with an agreed budget.

## Section 362(d)(3)

Debtor owns "single asset real estate," as that term is defined in section 101(51B) of the

Bankruptcy Code. Therefore, the automatic stay is more limited in scope and time for this Debtor.

*See* 11 U.S.C. § 362(d)(3). Section 362(d)(3) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay. . . with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor in subject to this paragraph, whichever is later–
>
> (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
>
> (B) the debtor has commenced monthly payments that–
> (i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and
> (ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate.
> 11 U.S.C. § 362(d).

Debtor has ninety days to file a plan which has a reasonable possibility of being confirmed

within a reasonable time, or the Debtor must commence payments as described in that section.

Debtor did not commence payments, as described in § 362(d)(3)(B), within ninety days. Therefore,

the first question is whether Debtor filed a plan which would keep the stay in effect after ninety days.

The plan, filed on the 90th day of the case, contains problematical provisions. It provides

interest only payments to the Movant, over a period of five years. Essentially, Movant will bear the

risk of failure. And, the plan contains releases, exculpation, and stays of pending litigation against

nondebtors which are beyond the scope of this Court's jurisdiction. *See In re Pacific Lumber Co.*. 584 F.3d 229, 253 (5th Cir. 2009).

It does not appear to this Court that the plan filed by Debtor, just within the time requirements, meets the Bankruptcy Code's standards for maintaining the stay in a single asset real estate case.

## Section 362(d)(2)

Movant also argued that Debtor has no equity in the apartment and that Debtor cannot reorganize within a reasonable period of time. *See* 11 U.S.C. § 362(d)(2).

### *Value*

Movant's appraiser and his methodology, using the income approach, are more credible and reasonable in the instant case. The Movant's appraiser opined that the value was slightly in excess of $3 million, using the income approach, with a stabilized occupancy. His cap rate may be a little high. Even adjusting the cap rate downward to a more reasonable number of 10% indicates that Debtor does not have equity in the property, based on the recent pre and post-petition reports of Debtor concerning its income.

### *Plan*

The amended plan does not appear confirmable within a reasonable period of time.

The projections made by Debtor show that Debtor simply will not be able to make all payments required under the plan. Based on the claim of Movant, the projections do not contain the correct payment amount of Movant during the first year, when payments are interest only, and certainly, in later years. The first year may actually be a problem, but, for sure, starting in the second year, when principal and interest must be made monthly, Debtor's projections come up short.

Because the Movant's debt exceeds the value of the property, the plan would have to account for and pay an unsecured claim of Movant. For equity to retain its interest, those claims must still be paid in full. There is no room in the already tight budget of the plan to do so.

Finally, the principals of Debtor are in their own Chapter 7 bankruptcy cases in California. Their interests are listed as assets in their schedules to be administered by their Chapter 7 trustees. It is unclear from the record as to future control or management of Debtor, given that the interests previously owned are now under the control of their Chapter 7 trustees.

The Court could, in its discretion, allow Debtor to make changes to the plan to address some of these concerns. However, single asset real estate cases are, by statute, supposed to be resolved quickly. Presumably, the Debtor, in the original or amended plan, set forth its best proposal and projections. Thus, the Court does not believe that more time is warranted.

## Conclusion

Debtor does not have equity in the property and it is not necessary for a reorganization. Alternatively, Debtor did not timely file a plan which has a reasonable possibility of being confirmed within a reasonable time; therefore, the stay is lifted under Bankruptcy Code §§ 362(d)(2) and -(3).

It is **SO ORDERED.**

###END OF ORDER###