Charles M. Cobbe
State Bar No. 04444300
Stephen T. Hutcheson
State Bar No. 10335700
CAVAZOS, HENDRICKS,
POIROT & SMITHAM, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Phone: (214) 573-7300
Fax: (214) 573-7399
ccobbe@chfirm.com
hutch@chfirm.com

ATTORNEYS FOR RP DENTWOOD SC, L.P.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | Case No. 09-37555-hdh11 |
| Texas Bay Plantation House Limited § | |
| Partnership, § | |
| § | Hearing: March 17, 2009 |
| DEBTOR. § | Hearing Time: 11:30 A.M. |

### RP DENTWOOD SC, L.P.'S OBJECTION TO THE DISCLOSURE STATEMENT UNDER 11 U.S.C. §1125 IN SUPPORT OF DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED: FEBRUARY 17, 2010

COMES NOW, RP Dentwood SC, L.P. ("Dentwood") a secured creditor, and files this, its Objection to the Debtor's Disclosure Statement Under 11 U.S.C. §1125 In Support of Debtor's First Amended Plan of Reorganization Dated: February 17, 2010, (the "Disclosure Statement")[1] and respectfully states as follows:

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Disclosure Statement and/or the Plan.

OBJECTION TO THE DISCLOSURE STATEMENT FOR THE
DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION                                    Page 1 of 4

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court as to the Objection pursuant to 28 U.S.C. §§ 1408 and 1409. The matter is a "core proceeding," as that term is used at 28 U.S.C. § 157, pursuant to 28 U.S.C. § 157(b)(2)(A).

## I. RELEVANT BACKGROUND

2. The Debtor is a limited partnership whose sole asset consists of the Property. On November 2, 2009 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. The Debtor filed its Disclosure Statement on February 1, 2010 [Docket No. 65]. The Debtor filed its Disclosure Statement Under 11 U.S.C. § 1125 in Support of Debtor's First Amended Plan Of Reorganization on February 17, 2010 [Docket No. 82]. The deadline to file objections to the Disclosure Statement is March 8, 2010. The hearing to approve the Disclosure Statement is scheduled for March 17, 2010.

4. On February 26, 2010, this Court entered its *Order on Motion of RP Dentwood SC, L.P. to Lift Stay* [Docket No. 94] (the "Order"). A copy of the Order is attached to this Objection as **Exhibit "A"**.

5. On March 2, 2010, this Court entered its *Agreed Supplemental Order on Motion for Relief from Stay* [Docket No. 100] (the "Supplemental Order"). A copy of the Order is attached to this Objection as **Exhibit "B"**.

6. On March 2, 2010, the Debtor filed its *Motion of Debtor and Debtor-in-Possession to Dismiss Case Under 11 U.S.C. §1112(b)* [Docket No. 101].

7. Also on March 2, 2010, a foreclosure sale of the Debtor's real estate and improvements located on the property occurred. Dentwood was the successful bidder at the foreclosure sale.

8. On March 2, 2010, counsel for Dentwood and the Debtor corresponded about the deadline to file objections to the Disclosure Statement. Counsel for the Debtor stated in an email that the Debtor would grant an "extension of time for Dentwood to file a response to the [Disclosure Statement] through until the day before the [Disclosure Statement] might hypothetically be considered". Counsel for Dentwood has not received a notice that the hearing to consider the Disclosure Statement has been continued, therefore, out of an abundance of caution, Dentwood files this Objection to the Debtor's Disclosure Statement. A copy of the referenced email is attached to this Objection as **Exhibit "C"**.

### III. THE DISCLOSURE STATEMENT SHOULD NOT BE APPROVED BECAUSE THE PLAN IS UNCONFIRMABLE ON ITS FACE

9. When a plan is unconfirmable on its face, the Court may disapprove a proposed disclosure statement. See, *In re U.S. Brass Corp.,* 194 B.R. 420, 422 (Bankr. E.D.Tex. 1996) ("This Court disapproved Debtor's Original Disclosure Statement based on a finding that Debtor's Original Plan was nonconfirmable on its face.").

10. Without ownership of the apartment complex, the Debtor's current plan of reorganization, as filed, cannot be confirmed. Therefore, this Court should not approve of the Debtor's proposed Disclosure Statement.

### IV. CONCLUSION

11. The Disclosure Statement as currently written fails to meet the requirements of Section 1125 of the Bankruptcy Code regarding adequate disclosure.

12. When the proposed plan "cannot possibly be confirmed", the Court may deny approval of the disclosure statement. *El Comandante Management Co., LLC* 359 B.R. 410 (Bankr. D. P.R. 2006). Citing, *In re Criimi Mae, Inc.,* 251 B.R. 796, 799 (Bankr. D. Md. 2000).

13. Dentwood respectfully requests that the Court deny approval of the Disclosure Statement and grant such other and further relief as may be just and proper under the circumstances.

Respectfully submitted,

/s/ Stephen T. Hutcheson
Charles M. Cobbe
State Bar No. 04444300
Stephen T. Hutcheson
State Bar No. 10335700
CAVAZOS, HENDRICKS,
POIROT & SMITHAM, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Phone: (214) 573-7300
Fax: (214) 573-7399

ATTORNEYS FOR RP DENTWOOD SC, L.P.

## CERTIFICATE OF SERVICE

The undersigned counsel for RP Dentwood SC, LP certifies that on March 5, 2010, he caused a copy of the foregoing Motion to be served upon the ECF filing system for the Northern District of Texas and upon the persons identified the Service List attached hereto.

/s/ Stephen T. Hutcheson
STEPHEN T. HUTCHESON



NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed February 26, 2010                                                  United States Bankruptcy Judge

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TEXAS BAY PLANTATION HOUSE | § | Case No. 09-37555 HDH-11 |
| LIMITED PARTNERSHIP | § | |
| | § | |
| Debtor | § | |

### ORDER ON MOTION OF RP DENTWOOD
### SC, L.P. TO LIFT STAY

RP Dentwood, SC, L.P. ("Movant") filed *Motion to Lift Automatic Stay*. Texas Bay Plantation House Limited Partnership ("Debtor") filed a timely response. This Court conducted an evidentiary hearing on February 18 and 19, 2010, and took the matter under advisement.

Debtor owns an apartment complex near downtown Dallas. Movant is the secured lender, with a claim slightly in excess of $3.6 million. There are some minor disputes on the amount owed Movant, but no dispute as to Movant's secured position on the property.

The parties dispute the value of the property. Debtor's appraiser values the apartment in the high $4 million range. Movant's appraiser places a value in the low $3 million range. The appraisers emphasized two different methods of valuation to get to their respective numbers. Dallas County

ORDER ON MOTION OF RP DENTWOOD SC, L.P. TO LIFT STAY - Page 1



places a value of approximately $2.4 million on the property, based on a pre-petition agreement with Debtor.

Movant owns tracts of land which are adjacent to the apartment. Movant acquired the note securing the indebtedness on the apartment. Movant wants to own the apartment and hold it for the future.

Debtor defaulted in payments in the spring of 2009. Movant made demand and posted the property for a November foreclosure. Debtor filed this bankruptcy case on November 2, 2009, to stop Movant's foreclosure.

Up until September 2009, the last period of pre-petition financials, Debtor's income had gone down a bit compared to other years. Debtor's monthly operating statements for November and December 2009, filed with this Court, show that Debtor's post-petition income, so far, on a monthly basis, has been less than months shortly before the case was filed. In other words, after the case was filed, Debtor's income has deteriorated. At the hearing, Debtor's principal attributed the reduced income to pre-petition contact by Movant with the leasing agent, and post-petition difficulties in reaching an agreement on the use of cash collateral.

Debtor waited until some time in December 2009, to ask for the use of cash collateral. In a contested hearing this Court allowed limited use, as Debtor did not bring a witness or offer competent evidence in support of the use of Movant's cash collateral. Since that time, the parties have reached an agreement regarding the use of cash collateral, with an agreed budget.

### Section 362(d)(3)

Debtor owns "single asset real estate," as that term is defined in section 101(51B) of the Bankruptcy Code. Therefore, the automatic stay is more limited in scope and time for this Debtor. *See* 11 U.S.C. § 362(d)(3). Section 362(d)(3) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay. . . with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor in subject to this paragraph, whichever is later–
>
> (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
>
> (B) the debtor has commenced monthly payments that–
> (i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and
> (ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate.
> 11 U.S.C. § 362(d).

Debtor has ninety days to file a plan which has a reasonable possibility of being confirmed within a reasonable time, or the Debtor must commence payments as described in that section. Debtor did not commence payments, as described in § 362(d)(3)(B), within ninety days. Therefore, the first question is whether Debtor filed a plan which would keep the stay in effect after ninety days.

The plan, filed on the 90th day of the case, contains problematical provisions. It provides interest only payments to the Movant, over a period of five years. Essentially, Movant will bear the risk of failure. And, the plan contains releases, exculpation, and stays of pending litigation against

nondebtors which are beyond the scope of this Court's jurisdiction. *See In re Pacific Lumber Co.*, 584 F.3d 229, 253 (5th Cir. 2009).

It does not appear to this Court that the plan filed by Debtor, just within the time requirements, meets the Bankruptcy Code's standards for maintaining the stay in a single asset real estate case.

### Section 362(d)(2)

Movant also argued that Debtor has no equity in the apartment and that Debtor cannot reorganize within a reasonable period of time. *See* 11 U.S.C. § 362(d)(2).

*Value*

Movant's appraiser and his methodology, using the income approach, are more credible and reasonable in the instant case. The Movant's appraiser opined that the value was slightly in excess of $3 million, using the income approach, with a stabilized occupancy. His cap rate may be a little high. Even adjusting the cap rate downward to a more reasonable number of 10% indicates that Debtor does not have equity in the property, based on the recent pre and post-petition reports of Debtor concerning its income.

*Plan*

The amended plan does not appear confirmable within a reasonable period of time.

The projections made by Debtor show that Debtor simply will not be able to make all payments required under the plan. Based on the claim of Movant, the projections do not contain the correct payment amount of Movant during the first year, when payments are interest only, and certainly, in later years. The first year may actually be a problem, but, for sure, starting in the second year, when principal and interest must be made monthly, Debtor's projections come up short.

Because the Movant's debt exceeds the value of the property, the plan would have to account for and pay an unsecured claim of Movant. For equity to retain its interest, those claims must still be paid in full. There is no room in the already tight budget of the plan to do so.

Finally, the principals of Debtor are in their own Chapter 7 bankruptcy cases in California. Their interests are listed as assets in their schedules to be administered by their Chapter 7 trustees. It is unclear from the record as to future control or management of Debtor, given that the interests previously owned are now under the control of their Chapter 7 trustees.

The Court could, in its discretion, allow Debtor to make changes to the plan to address some of these concerns. However, single asset real estate cases are, by statute, supposed to be resolved quickly. Presumably, the Debtor, in the original or amended plan, set forth its best proposal and projections. Thus, the Court does not believe that more time is warranted.

## Conclusion

Debtor does not have equity in the property and it is not necessary for a reorganization. Alternatively, Debtor did not timely file a plan which has a reasonable possibility of being confirmed within a reasonable time; therefore, the stay is lifted under Bankruptcy Code §§ 362(d)(2) and -(3).

It is **SO ORDERED.**

###END OF ORDER###

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[Signature: Harlin DeWayne Hale]*

Signed March 2, 2010                United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| Texas Bay Plantation House Limited Partnership, | § § § § | Case No. 09-37555-hdh11<br><br>Hearing Date: March 2, 2010<br>Hearing Time: 9:00 A.M. |
| DEBTOR. | § | |

### AGREED SUPPLEMENTAL ORDER ON MOTION FOR RELIEF FROM STAY

This case came before the Court on March 2, 2010, upon the re-call of the Motion to Lift Automatic Stay filed by RP Dentwood SC, .L.P. ("Dentwood"). Dentwood and the Debtor have announced their stipulation and agreement, and it is hereby ORDED, as follows:

1. Dentwood will be permitted to complete its foreclosure on the Texas Bay Plantation House property (the "Property") on March 2, 2010, notwithstanding Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

2. On or before March 15, 2010, Texas Bay Plantation House Limited Partnership ("Texas Bay") will turn over to Dentwood an amount of money equal to Texas

AGREED SUPPLEMENTAL ORDER ON MOTION FOR RELIEF FROM STAY—Page 1

EXHIBIT B

Bay's net income for the period from November 2, 2009 through February 28, 2010, *less* the amount of $25,000.00 which amount shall be retained by Texas Bay.

3.  Except as provided in Section 2, Dentwood shall be entitled to all revenues from the Property from and beginning March 1, 2010. Without limiting the foregoing, Texas Bay shall cause any revenues, arising from rental payments by tenants of the Property for occupancy during March, 2010 to be turned over to Dentwood.

4.  Dentwood is hereby granted authority and leave of the court in all respects to operate the Property on and after March 2, 2010. Dentwood on and after March 2, 2010 shall be permitted to communicate with the management company presently in place solely with respect to the transition to Dentwood's ownership of the Property; and with any tenants on the property.

5.  Texas Bay promptly shall direct its insurance agent or carrier (a) to cancel the property insurance policy issued on December 21, 2009, such cancellation to be effective March 2, 2010, and (b) to send any refund for unearned premiums under such policy directly to Dentwood. Dentwood may communicate with Texas Bay's insurance agent solely to determine the status of any refund for this policy or in regards to any claims made under this policy.

6.  Subject to the Debtor's performance under this Agreed Order, Dentwood and Texas Bay shall enter into a mutual release on behalf of each party and its partners, general partners, members, managing members, officers, directors, shareholders, guarantors, affiliates, successors, attorneys, predecessors and assigns, fully releasing, discharging, and forever waiving all claims, existing or

**AGREED SUPPLEMENTAL ORDER ON MOTION FOR RELIEF FROM STAY—Page 2**

future, known or unknown, choate or inchoate, against the other party and its partners, general partners, members, managing members, officers, directors, shareholders, guarantors, affiliates, successors, attorneys, predecessors and assigns. If the parties are unable to agree upon the form of the mutual release, this Section 6 shall be deemed agreed to exactly as written for any and all purposes. Nothing in any mutual release executed pursuant hereto shall excuse or waive performance by either party in accordance with this Agreed Order.

7. Subject to the Debtor's performance under this Agreed Order, Dentwood and Texas Bay shall enter into a confidentiality agreement pertaining to the matters herein set forth; provided, that such confidentiality agreement shall not restrict either party from any communication that is reasonably necessary or appropriate in the operation of the Property or its business or compliance with this Order; as is required by law or court order or proceeding; or in the protection of any such ownership interest such party may have in the Property following compliance with this Order; or in the enforcement of its rights under this Order. . If the parties are unable to agree upon the form of the confidentiality agreement, this Section 7 shall be deemed agreed to exactly as written for any and all purposes.

8. Subject to completion of items 1 and 2 above, Dentwood shall not oppose a motion by Texas Bay to dismiss the captioned bankruptcy case.

**AGREED SUPPLEMENTAL ORDER ON MOTION FOR RELIEF FROM STAY—Page 3**

###END OF ORDER###

**AGREED:**

By:  /s/ Charles M. Cobbe
Charles M. Cobbe
State Bar No. 04444300
Steven T. Hutcheson
State Bar No. 10335700

CAVAZOS, HENDRICKS, POIROT & SMITHAM, P.C.
900 Jackson Street
570 Founders Square
Dallas, Texas 75202
(214) 573-7300
Facsimile: (214) 573-7399
E-mail: ccobbe@chfirm.com
E-mail: hutch@chfirm.com

ATTORNEYS FOR RP DENTWOOD, SC, L.P.


/s/ Jeff Carruth
Jeff Carruth – SBT #24001846
REED & ELMQUIST, P.C.
604 Water Street
Waxahachie, TX 75165
(469) 483-0218
(972) 923-0430 (fax)

COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION

# Steve Hutcheson

| | |
|---|---|
| **From:** | Jeff Carruth [jcarruth@bcylawyers.com] |
| **Sent:** | Tuesday, March 02, 2010 6:26 PM |
| **To:** | Steve Hutcheson |
| **Cc:** | Chuck Cobbe; Anne Burns; Fran Thueson; Claude Smith |
| **Subject:** | RE: Disclosure Statement [Plantation] |

I plan to call Jodie and pass the DS hearing and the McRoberts hearing to the same date as the dismissal so both items can be withdrawn as moot. This writing constitutes the Debtor's extension of time for Dentwood to file a response to the DS through until the day before the DS might hypothetically be considered.

**From:** Steve Hutcheson [mailto:hutch@chfirm.com]
**Sent:** Tuesday, March 02, 2010 6:06 PM
**To:** Jeff Carruth
**Cc:** Chuck Cobbe; Anne Burns; Fran Thueson; Claude Smith
**Subject:** Disclosure Statement

Jeff,

I realize that you have filed a motion to dismiss the case however, the Disclosure Statement is still filed and the deadline to object is still pending (March 8). If the Debtor doesn't withdraw its Plan and Disclosure Statement, I will be forced to prepare an objection and spend client money that I'd rather not spend.

Please let me know what the Debtor will be doing regarding the filed Disclosure Statement.

Thanks,

Steve

Stephen T. Hutcheson
Of Counsel
CAVAZOS, HENDRICKS, POIROT & SMITHAM, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, Texas  75202-4425
214-573-7300
214-573-7399 FAX
hutch@chfirm.com
www.chfirm.com

This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521
and may contain confidential information subject to attorney-client privilege.
If you are not the intended recipient, please delete this e-mail and notify the sender.



EXHIBIT C

1

Texas Bay Plantation House General
Partner, LLC
P.O. Box 471300
San Francisco, CA 94147

Attorney General of Texas
P.O. Box 12548
Austin, TX 78711

Internal Revenue Service
Bankruptcy Dept.
P.O. Box 21126
Philadelphia, PA 19114

Jeffery D. Carruth
Reed & Elmquist, P.C.
604 Water St.
Waxahachie, TX 75165

Internal Revenue Service
Bankruptcy Unit
1100 Commerce Mail Code 5026DAL
Dallas, TX 75242

RP Dentwood SC, LP
12342 Inwood Rd.
Dallas, TX 75244

William T. Neary, U. S. Trustee
1100 Commerce, Room 960
Dallas, TX 75242

Community Waste Disposal LP
2010 California Crossing
Dallas, TX 75220

Texas Comptroller of Accounts
Bankruptcy Section
P.O. Box 13528
Austin, TX 78711

Dallas County
Linebarger Goggan Blair & Sampson, LLP
c/o Laurie Spindler Huffman
2323 Bryan Street Suite 1600
Dallas, TX 75201

AMERICAN INFOSOURCE LP AS
AGENT FOR
T MOBILE/T-MOBILE USA INC
P.O. Box 248848
Oklahoma City, OK 73124-8848

Texas Bay Plantation House
  Limited Partnership
P.O. Box 471300
San Francisco, CA 94147

Reed & Elmquist, P.C.
604 Water St.
Waxahachie, TX 75165

Dallas Water Utilities
1500 Marilla, City Hall Rm 1AN
Dallas, TX 75201

Reed Buley DBA Carpet Star
1111 Hughes Ct.
Wylie, TX 75098

Apartment Home Living
P.O. Box 1266
San Antonio, TX 78295-1266

Glacial Energy of Texas
2602 McKinney Ave., Ste 220
Dallas, TX 75204

Network Communications, Inc.
P.O. Box 100001
Lawrenceville, GA 30046-7001

AZ Partsmaster
11480 Hillguard Rd.
Dallas, TX 75243

Greensheet
7929 Brookriver, Ste 700
Dallas, TX 75247

Agnieszka Malecka
2808 Dandelion Lane
Rowlett, TX 75089

Jimmy D. Huey
P.O. Box 2143
Hurst, TX 76053

A&G Flooring
10031 Monroe Dr., Ste 203
Dallas, TX 75229

Maintenance Supply
Headquarters
12315 Paro Crest Dr., Ste 100
Stafford, TX 77477

Sierra Utility Billing Service
P.O. Box 29778
Austin, TX 78755-9778

Webb Pest Control
10963 Cutten Rd.
Houston, TX 77066

American Messaging
P.O. Box 5749
Carol Stream, IL 60197-5749

Texas Comptroller of Accounts
Franchise Tax Dept.
P.O. Box 149348
Austin, TX 78714-9348